UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN SCHREINER, et al., | CASE NO. C10-1231 MJP |
| Plaintiffs, | ORDER |
| v. | |
| CHRISTOPHER CAIOLA, et al., | |
| Defendant. | |

This comes before the Court on State of Washington Defendants' ("State Defendants") motion to dismiss (Dkt. No. 27.), Michael Crane et al. ("Crane Defendants") motion to dismiss (Dkt. No. 29.), the County Defendants' motion to dismiss (Dkt. No. 34.), Plaintiff's motion to amend (Dkt. No. 37), and Crane Defendants' motion to join in State Defendants' reply (Dkt. No. 41.) Having reviewed the motions and all related documents, the Court GRANTS the three Defendants' motions to dismiss, DENIES Plaintiff's motion to amend, and GRANTS Crane Defendants' motion to join in State Defendants' reply.

\\

\\

## Background

Plaintiff Brian Schreiner ("Schreiner") is a pro se litigant who alleges his vehicle was unlawfully confiscated during a traffic stop and he was beaten by Washington state troopers. (Compl. ¶¶ 9 and 13.) Schreiner alleges state troopers were not allowed to take his vehicle because he was not using his vehicle in a commercial capacity and therefore he was not violating any licensing regulation. (Compl. ¶ 12). In addition, Schreiner believes state licensing regulations violate his "right of free passage upon the public highway" and claims Washington state troopers are conspiring to kill him.

In the complaint, Schreiner sues (1) individual state troopers, Washington state patrol, and State Department of Licensing ("State Defendants"), (2) the towing company and its owners who towed and re-sold his vehicle ("Crane Defendants"), (3) a Snohomish County prosecutor and several judicial officers who presided over Schreiner's prosecution for violating licensing regulations ("County Defendants"), and (4) an individual who has not yet been served, Nicole Flansaas, who ultimately purchased Schreiner's vehicle.[1]

Schreiner names nine additional plaintiffs, however, none have signed the amended complaint as required by Rule 11.

## Analysis

A. <u>Motion to Dismiss for Failure to State a Claim</u>

State Defendants, County Defendants, and Crane Defendants also move to dismiss nine of the plaintiffs under Rule 12(b)(6) for failure to state a claim. The remaining plaintiffs are

---

[1] Plaintiff has failed to serve Flansaas pursuant to Rule 4(m). Under Rule 4(m), the court can dismiss the action without prejudice as long as notice is given to Plainitff and Plaintiff fails to show good cause as to why he has failed to serve. Fed. R. Civ. P. 4(m). The Court grants Schreiner ten (10) days from entry of the Order in which to serve Flansaas otherwise she will be dismissed without prejudice.

Echo Schreiner, Kathleen Legare,[2] Robert Morgan, Dan Smith, Andrew Wolfe, Christopher Munson, Brian McDougall, Walter Harding, and Duane Jeffrey Wicka.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 545, 127 S.Ct. 1955).

Here, the complaint lacks any clear facts showing nine of the ten plaintiffs suffered any injury from any of the Defendants. While the complaint refers to Schreiner's injuries from several constitutional and state law violations, there is no factual allegations suggestive of a claim with respect to the remaining plaintiffs. Most importantly, Brian Schreiner is the only plaintiff who signed the amended complaint and he cannot assert claims on other's behalf. (Dkt. No. 16.) In addition, at least one of the Plaintiffs, Ms. Legare, affirmatively withdrew participation in the action. (Dkt. No. 33.)

Since nine of the plaintiffs have not signed the complaint as required by Rule 11 and do not allege facts to support a claim, the Court DISMISSES the nine plaintiffs.

B. Motion to Dismiss with Prejudice

State Defendants, County Defendants and Crane Defendants seek to dismiss with prejudice under Federal Rules of Civil Procedure 8(a) or 41(b). Specifically, Defendants argue Schreiner's amended complaint fails to meet Rule 8(a) pleading standards and, since the Court

---

[2] In fact, Ms. Legare withdrew her participation in the complaint. (Dkt. No. 33)

1  already ordered Schreiner to comply with Rule 8(a), (Dkt. No. 2), the Court should dismiss with
2  prejudice under Rule 41(b).

3         Rule 8(a) requires a complaint contain a short and plain statement of the grounds for
4  jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and
5  a demand for the relief sought.  Rule 41(b) authorizes the Court to dismiss "for failure of plaintiff
6  . . . to comply with [the Federal Rules] or any order of the court."  Fed. R. Civ. P. 41(b); see also
7  Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1129 (9th Cir. 2008)(dismissing for
8  failure to comply with Rule 8(a)); Yourish v. California Amplifier, 191 F.3d 983, 986-7 (9th Cir.
9  1999)(affirming dismissal for failure to comply with court's order).

10        Here, Schreiner's amended complaint fails to comply with any of Rule 8(a) requirements
11 and, as a consequence, the Court's prior order.  The amended complaint differs from the original
12 complaint in that Schreiner adds defendants, omits references to federal criminal statutes, and
13 includes more detail regarding his opposition to state licensing regulations.  But Schreiner still
14 does not include a short statement of the actionable claims advanced or assert an appropriate
15 basis for this Court's jurisdiction.  His amended complaint extends for thirty-one (31) pages and
16 largely dissects state licensing regulations and the fundamental right to travel.

17        To dismiss a case as a sanction for failure to comply with the Federal Rules, a court must
18 consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's
19 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
20 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.
21 Yourish, 191 F.3d at 990.  Since it is a harsh remedy, courts have been reluctant to impose
22 dismissal with prejudice absent aggravating circumstances.  Schmidt v. Herrmann, 614 F.2d
23 1221, 1224 (9th Cir. 1980).  "A pro se complaint, however inartfully pleaded, must be held to less
24

1  stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,
2  94 (2007). A dismissal pursuant to Rule 41(b) is reviewed for abuse of discretion. Ferdik v.
3  Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

4      Here, the Court has already given Plaintiff one opportunity to amend and his amended
5  complaint still fails. It is unlikely that granting Schreiner another chance to amend would lead to
6  a complaint that complies with Rule 8(a). In Agnew v Moody, 330 F.2d 868, 870 (9th Cir. 1964),
7  the court dismissed an action in which the plaintiff also alleged wrongful conviction of motor
8  vehicle violations because the complaint failed to comply with Rule 8(a). In that case, the court
9  held the "[plaintiff] left the court no choice" when he failed to file an amended complaint
10 complying with Rule 8(a) despite a court order allowing him twenty days to re-plead. Id. While
11 Schreiner has made some changes to his complaint, the changes are minimal and not directed at
12 correcting Rule 8(a) deficiencies.  The Court GRANTS Defendants' motions for dismissal with
13 prejudice.

14     C.  Schreiner's Motion to Amend

15     In lieu of responding to the pending motions to dismiss, Schreiner filed a motion to
16 amend his complaint.

17     Rule 15(a)(2) of the Federal Rules of Civil Procedure states "the court should freely give
18 leave [to amend] when justice so requires." The courts weigh the following factors when
19 considering a Rule 15 motion: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing
20 party; (4) futility of amendment; and (5) whether plaintiff has previously amended his
21 complaint." Sisseton-Wahpeton Sioux Tribe v. U.S., 90 F.3d 351, 355-56 (9th Cir. 1996). "The
22 district court's discretion to deny leave to amend is particularly broad where plaintiff has

23

24

previously amended the complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

Here, the fourth and fifth factors, futility and prior amendment, counsel against allowing Schreiner to amend. Schreiner seeks to amend in order to add additional tort claims that allegedly occurred after his original filing. Specifically, he promises to "include no less than two, potentially three, new co-conspirators, as to the new development of unlawful imprisonment, spoliation of notice, and conspiracy to deprive plaintiffs of constitutionally-protected rights." (Dkt. No. 37, ¶ 3.) This promise is overly vague and impossible to decipher. It appears Schreiner has no intention of amending his complaint to comply with Rule 8(a), the Court's Order, or address defects raised in Defendants' motions to dismiss.

The Court DENIES Schreiner's motion to amend because the additional claims he promises to allege are futile. Since his current complaint already fails to meet Rule 8(a) requirements, there is little hope that allowing Schreiner to add tort claims will rectify his current deficiencies.

D. County Defendants' Motion for a Strike Against Plaintiff under 28 U.S.C. 1915(g)

County Defendants also request the Court impose a strike against Plaintiff pursuant to 28 U.S.C. 1915(g).

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious." Section 1915(g) further provides that a prisoner may not bring a civil action if they have, "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g)

Here, County Defendants contend Schreiner's amended complaint is malicious and should count as a strike against Schreiner under 28 U.S.C. § 1915(g). This argument fails. First, it is not clear from the record that Schreiner brought this action while "incarcerated or detained in any facility." Based on a letter to the Court, (Dkt. No. 28), Schreiner was incarcerated on September 15, 2010—in other words, after his complaint was originally filed on August 2, 2010. Second, even if he had been incarcerated, Schreiner's complaint does not threaten violence or abuse the judicial process. While the complaint is hard to decipher, his failure to adequately amend his complaint does not automatically suggest he acted with malice. Schreiner believes he was wronged. Whether he acted maliciously in a prior state court action is not relevant. Even if it is unlikely he will obtain a remedy, his federal complaint is not malicious.

The Court DENIES County Defendants' request for a strike against Schreiner.

E. Request for Monetary Sanctions

County Defendants also request the Court impose monetary sanctions under Federal Rule of Procedure 11(b)(2) and General Rule 3(d) based on bad faith litigation and/or willful disobedience of the Court's Order.

Rule 11(b)(2) requires the attorney or party make a reasonable inquiry as to the claims, defenses, and other legal contentions made to the Court. Fed. R. Civ. P. 11(b)(2). Representations to the Court must be warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law. Id. For Rule 11 violations, a court may impose an appropriate sanction. Fed. R. Civ. P. 11(c). General Rule 3(d), a Local Rule that also provides the Court sanctions power, is consistent with the Federal Rules. Zambrano v. City of Tustin, 885 F.2d 1473, 1479 (9th Cir. 1989).

1	Rule 11 sanctions, however, are reserved "for the rare and exceptional case where the

2  action is <u>clearly</u> frivolous, legally unreasonable or without legal foundation, or brought for an

3  improper purpose." <u>Operating Engineers Pension Trust v. A-C Co.</u>, 859 F.2d 1336, 1344 (9th

4  Cir. 1988). "Although Rule 11 applies to pro se plaintiffs, the court must take into account a

5  plaintiff's pro se status when it determines whether the filing was reasonable." <u>Warren v.

6  Guelker</u>, 29 F.3d 1386, 1390 (9th Cir.1994) (also noting that a plaintiff proceeding <u>in forma

7  pauperis</u> "is not protected from the taxation of costs to which a prevailing defendant is

8  entitled."); <u>see also</u> <u>Maduakolam v. Columbia</u>, 866 F.2d 53, 56 ("While it is true that Rule 11

9  applies both to represented and pro se litigants, the court may consider the special circumstances

10 of litigants who are untutored in the law.")(citing advisory committee's notes to Rule 11).  The

11 award of sanctions is reviewed under an abuse of discretion standard.  <u>Cooter & Gell v.

12 Hartmarx Corp.</u>, 496 U.S. 384, 405 (1990); <u>In re Keegan Management Co. Securities Litigation</u>,

13 78 F.3d 431, 433-434 (9th Cir. 1996).

14	Here, County Defendants contend Schreiner's lawsuit is "absurd," "frivolous nonsense,"

15 and "abusive."  The Court is not persuaded that this justifies imposing sanctions against a pro se

16 litigant without warning.  While County Defendants argue Schreiner previously sued County

17 Defendants in a state court action and Schreiner was "on notice his claims have no merit,"

18 neither of the Western District of Washington cases cited by County Defendants involved a pro

19 se litigant.  <u>See</u> <u>Malone v. Nuber</u>, 2009 WL 36858 (W.D. Wash., Jan. 5, 2009); <u>Hummel v.

20 Smith</u>, 2009 WL 3423034 (W.D. Wash., Oct. 22, 2009).  Although sanctions were imposed

21 against a pro se litigant in <u>Snegirev v. Sedwick</u>, the litigant in that case insisted on filing a civil

22 complaint despite the fact that two federal judges explicitly informed him of the fruitlessness of

23 such an action.  407 F.Supp. 2d 1093, 1096 (D. Alaska 2006).  In this case, the state court's order

24

ORDER- 8

1  in Schreiner's previous action did not provide a detailed analysis so as to put a pro se litigant "on

2  notice" that his claims have no merit. (Dkt. No. 35, Reay Decl., Ex. D.)

3      Since dismissal with prejudice is sufficient deterrence against future frivolous litigation,

4  the Court DENIES County Defendants' request for sanctions.

## Conclusion

6      The Court DISMISSES nine Plaintiffs who fail to sign the amended complaint and fail to

7  state a claim upon which relief can be granted. The Court DISMISSES with prejudice State

8  Defendants, County Defendants, and Crane Defendants under Rule 8(a) and Rule 41(b) of the

9  Federal Rules of Civil Procedure. The Court DENIES Schreiner's request for leave to amend his

10  complaint. Schreiner has ten (10) days from entry of this Order to file an affidavit demonstrating

11  he has served the remaining defendant, Nicole Flansaas, otherwise Flansaas will likewise be

12  dismissed.

13      Since Schreiner is a pro se litigant and does not appear to be suing defendants

14  maliciously, the Court DENIES County Defendants' request for sanctions and DENIES County

15  Defendants' request for a strike against Plaintiff.

16      The clerk is ordered to provide copies of this order to all counsel.

17      Dated this 22nd day of January, 2011.

                                    Marsha J. Pechman
                                    United States District Judge

ORDER- 9